IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

SYED QADRI,

    Petitioner,

v.                                    Case No. 5:18-cv-00002

D.L. YOUNG, Warden,

    Respondent.

## PROPOSED FINDINGINS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), his Motion for Immediate Ruling (ECF No. 12), his Motion for Status Report and Ruling (ECF No. 15), and his Motion for Preliminary Injunction (ECF No. 16). Also pending are the respondent's Motion to Dismiss Petition (ECF No. 17) and Amended Motion to Dismiss Petition (ECF No. 18).

This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The petitioner paid the applicable $5.00 filing fee.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed the instant petition, the petitioner was incarcerated at the Federal Correctional Institution at Beckley, West Virginia, serving a 51-month term of imprisonment imposed by the United States District Court for the District of Hawaii, on a conviction for wire fraud in violation of 18 U.S.C. §§ 1342 and 2. (ECF No. 10 at 2).

The petitioner's section 2241 petition challenges the Bureau of Prisons' ("BOP") recommendation for the petitioner's placement on home confinement for a period of five months under the Second Chance Act. The petitioner contends that his case manager failed to conduct an individualized assessment and relied on only one of five factors required to be considered under 18 U.S.C. § 3621(b). The petitioner sought reconsideration under all five factors and earlier release to a Residential Reentry Center ("RRC") or placement on home confinement. (ECF No. 1).

On January 30, 2018, the undersigned issued an Order to Show Cause (ECF No. 7) directing the respondent to respond to the petition. On February 16, 2018, the respondent filed a Response asserting that the petitioner was properly evaluated for release under the Second Chance Act. (ECF No. 10). On March 2, 2018, the petitioner filed a Reply. (ECF No. 11). The petitioner also filed a Motion for Immediate Ruling (ECF No. 12), a Motion for Status Report and Ruling (ECF No. 15), and a Motion for Preliminary Injunction (ECF No. 16).

On October 3, 2018, the respondent filed a Motion to Dismiss Petition (ECF No. 17), indicating that the petitioner was released from BOP custody and asserting that his section 2241 petition is now moot. On October 11, 2018, the respondent filed an Amended Motion to Dismiss Petition (ECF No. 18), which clarifies, by declaration, that the petitioner was released from BOP custody to an RRC on September 27, 2018. Accordingly, the petitioner's request for relief can no longer be granted and his section 2241 petition is moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007). As noted above, the petitioner has been released from BOP custody to an RRC; thus, this federal court is no longer able to grant his requested relief.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of his release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion to Dismiss Petition (ECF No. 17) and Amended Motion to Dismiss Petition (ECF No. 18), **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), his Motion for Immediate Ruling (ECF No. 12), his Motion for Status Report and Ruling (ECF No. 15), and his Motion for Preliminary Injunction (ECF No. 16), and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last known address.

October 12, 2018

Dwane L. Tinsley
United States Magistrate Judge